UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LUCIA SLOAN,

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY,

    Defendant.

Case No. 2:12-CV-01085-KJD-PAL

**ORDER**

    Before the Court is Plaintiff's Motion to Remand (#9). Defendant Country Preferred Insurance Company has filed an opposition (#11) and Plaintiff has replied (#13).

    Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). To determine whether the amount in controversy has been met, "the status of a case as disclosed by a plaintiff's complaint is controlling in the case of a removal...." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Paschinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir.1986).

Plaintiff's only argument for remand is that the amount in controversy requirement has not been met. In her Complaint, Plaintiff claims to have incurred special damages in excess of $114,000 and has demanded $250,000 from Defendant. However, Plaintiff argues that, since Defendant has only offered $65,000 in settlement negotiations, Defendant "has never indicated at any time that it believes Sloan's claim is worth more than $65,000" and is therefore " taking untenably inconsistent positions relating to the value of this matter" by removing it to federal court.

Plaintiff's argument is baseless.[1]  For reasons that are all too obvious, no court has adopted a definition of "amount in controversy" that requires a defendant to admit that a claim is valued at more than $75,000 prior to removing the case to federal court. The damages claimed in Plaintiff's complaint are controlling and accordingly, jurisdiction is proper.

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Remand (#9) is **DENIED**.

DATED this 4th day of October 2012.

_____
Kent J. Dawson
United States District Judge

---

[1] The Court is troubled by the conduct of Plaintiff's attorney in filing a complaint alleging damages in excess of $75,000 and then promptly asserting that the amount in controversy requirement has not been met. Fed. R. Civ. P. 11(b)(2) requires that an attorney's arguments be warranted by existing law or by a non-frivolous argument that existing law should be changed. Although the Court declines to award sanctions, Plaintiff's attorney is advised to strictly follow Rule 11 in all future filings in this Court.