# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUCIA D. SLOAN,

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY, *et al*.,

    Defendants.

Case No. 2:12–CV-01085-KJD-PAL

**ORDER**

    Before the Court is Plaintiff Lucia Sloan's Motion to Adjudicate Attorney Lien (#20). Interested party Richard Harris Law Firm has filed a response (#23) and Plaintiff has filed a Reply (#24).

I. Background

    Plaintiff retained The Richard Harris Law Firm (the "Harris Firm") to represent her in April of 2011. Plaintiff signed a retainer agreement, agreeing to a contingent fee of up to 40% or "$1,000 per hour for all attorney and staff time."

    On November 4, 2011, Plaintiff advised Harris that she would terminate his services and retain another attorney. On November 22, 2011, Harris served a Notice of Attorney Lien on Plaintiff

and Defendant Country Insurance.  On March 6, 2013, Plaintiff filed this Motion to Adjudicate the Attorney Lien pursuant to NRS 18.015(4).

II. Discussion

Nev.Rev.Stat. § 18.015 states:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects the lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.
>
> 4. On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

A. Timing of Response

Plaintiff argues that the Court not consider the Harris Firm's Opposition because it is untimely.  Plaintiff filed a Notice of Non-Opposition (#22) and stridently asserts that the Harris Firm should have replied by March 18, 2013.  According to Plaintiff, the Harris Firm was required to file an opposition within five days after receiving notice of the motion pursuant to NRS 18.015(5). Plaintiff then cites Fed. R. Civ. P. 6(a) to exclude intermediate Saturdays and Sundays and Rule 6(e) to add three days for mailing to reach a due date of March 18.

Plaintiff is incorrect for several reasons.  First, while NRS 18.015(5) directs the Court to abstain from adjudicating the lien until 5 days after notice, nothing in the statute suggests that the

Court may not consider an opposition that is not filed within 5 days.  Second, Plaintiff's counsel bases his calculation on a previous, out of date, version of Rule 6(a).  Rule 6(a) was amended in 2009 to include Saturdays, Sundays, and legal holidays in computations of time.  Finally and most important, the Court specifically stated in the docket entry for the Motion to Adjudicate Attorney Lien that the response was due on March 23, 2013.  Computations of time under Rule 6 only apply when a time period is stated in days.  When the Court specifies a date for a response, the response is not untimely when it is filed on or before that date.  See Violette v. P.A. Days, Inc., 427 F.3d 1015, 1016 (6th Cir.2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline").  Accordingly, the Court properly considers the Harris Firm's Opposition and the exhibits attached to it.

### B. Calculation of Lien Amount

"A terminated attorney is entitled to a quantum meruit settlement of fees at the conclusion of the client's case." State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal Opinion No. 18, issued April 29, 1994.  When there is a dispute about an attorney's fee "the burden will be placed upon the attorney to establish the reasonableness of the fee." Id.  Accordingly, "attorneys are advised to keep complete and accurate time records in contingency fee cases." Id.

The Harris Firm has attached to it's Opposition, a Notice of Claim of Attorney's Lien documenting its fees and costs.  Additionally, Joshua R. Harris has provided an affidavit stating that his hourly rate is $750.00 per hour, and that he has personal knowledge of the facts stated in the Notice of Claim of Attorney's Lien.  The Harris Firm asserts that it is entitled to $750.00 per hour, including for tasks such as "email to attorney," "request police report" and "mailed correspondence to medical providers."  The Court is unable to determine the reasonableness and merit of the fees requested based on the records submitted by the Harris Firm. In order for the Court to make this determination, the Harris Firm is ordered to provide the following evidence in support of its lien:

    1. The name and title of each timekeeper for each entry;

2. An affidavit with a detailed explanation of why the Harris Firm should be compensated for work performed between April 7, 2011, and June 28, 2011, including a statement attesting that the Harris Firm has not been compensated for any of this work in any way, including by settlement of Plaintiff's claim against the third–party insurer;

3. Copies of the underlying correspondence of all entries which contain the description "Correspondence from Country Insurance;"

4. Copies of the underlying emails for all time entries containing the description "e-mail to attorney" or "email from attorney." To the extent that these emails are within the firm or otherwise contain privileged information, the subject lines and body text are to be redacted, but the headers, showing the date and the recipients are to be included;

5. Copies of the underlying correspondence of all entries containing a description of correspondence with Progressive Insurance between June 28, 2011 and November 4, 2011;

6. An affidavit with a detailed explanation of why the Harris Firm should be compensated for work after it was terminated on November 4, 2011.

The Harris Firm is ordered to produce this evidence on or before April 15, 2013. Failure to comply with this order will result in the Harris Firm's Attorney Lien being adjudicated invalid.

III. Conclusion

**IT IS HEREBY ORDERED** that the Harris Firm produce evidence as directed in this Order on or before April 15, 2013.

**IT IS FURTHER ORDERED** that the Motion to Adjudicate Attorney Lien (#20) will be determined after the Harris Firm complies with this Order.

DATED this 4th day of April 2013.

_____
Kent J. Dawson
United States District Judge