UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCIA SLOAN,<br><br>                          Plaintiff,<br>vs.<br><br>COUNTRY PREFERRED INSURANCE COMPANY,<br><br>                          Defendant. | Case No. 2:12-cv-01085-APG-PAL<br><br>**ORDER**<br><br>(Motion to Compel - Dkt. #21) |

       The court held a hearing on Plaintiff's Motion to Compel (Dkt. #21) on April 16, 2013. David Churchill and Jolene Manke appeared on behalf of the Plaintiff. Steve Rogers and Tracy Heinhold appeared on behalf of the Defendants.

       The complaint in this case arises out of an automobile accident that occurred on April 5, 2011. The Plaintiff settled with the adverse driver's insurance carrier for $15,000 limits, and made a demand on her own carrier for Undersinsured ("UIM") benefits. This action was filed when the Defendant did not tender its $250,000 policy limits. Plaintiff has asserted claims for Unfair Claims Act violations and bad faith.

       In the current motion Plaintiff seeks to compel supplemental responses to Request for Production Nos. 1, 9, 10, 11, and 16. Request for Production No. 1 seeks claim file materials. Defendant has produced some of the claims file, but has withheld certain documents identified in its privileged document log involving Mr. Bangay. Mr. Bangay is in-house counsel and a claims adjuster responsible for handling claims in litigation. The motion argues that because Mr. Bangay is in-house counsel for the Defendant, a more stringent analysis of the attorney-client privilege should be applied. Plaintiff cites a federal decision in the Southern Division of New York holding that when in-house counsel is acting as a negotiator, his/her functions fall outside the traditional function of a lawyer and

are not privileged. In this case, the motion maintains that Mr. Bangay testified at his deposition that he functioned as a bodily injury adjuster once a claim goes to litigation. He also testified that he works with outside counsel on claims and is responsible for handling claims files once in litigation. Additionally, Mr. Bangay testified that he remains involved in evaluating this claim, and that the company evaluation of the Plaintiff's claim is ongoing.

During oral argument, counsel for Plaintiff clarified that he was not seeking all communications authored or received by Mr. Bangay pertaining to this case. He conceded that communications with outside counsel may still be privileged. Plaintiff's supplemental motion to compel indicates that Plaintiff recently obtained the file from Dr. Duke, an independent medical examiner retained by Defendant in this case. Dr. Duke's file contained an email from Mr. Bangay to claims adjuster Rosanne Foy. Plaintiff's supplemental papers argue that Defendant waived the attorney-client privilege by disclosing Mr. Bangay's communication with Ms Foy to Dr. Duke.

Plaintiff also seeks an order compelling the Defendants to provide supplemental responses to Request for Production Nos. 9, 10 and 11. These requests seek Defendant's written practice guides, training materials, and claims handling policies. Defendant objected to each of these requests on various ground that the requests were vague, ambiguous, overly broad in scope and time, as well as irrelevant to the subject matter of the case and not reasonably calculated to lead to the discovery of admissible evidence. The Defendant also objected that the requested materials are confidential and contain trade secret and proprietary information. Plaintiff offered to enter into a stipulated protective order to address the proprietary and confidential concerns. However, Defendant refused to produce any materials. During the deposition of Terry Sullivan, Defendant's claims supervisor, Sullivan testified that Country Preferred maintains training materials for best practices in claims handling, estimate guidelines and check lists on a Passport website. Plaintiff therefore requests an order compelling supplemental responses to produce these materials relevant to handling Plaintiff's claim.

Finally, Plaintiff seeks an order compelling a supplemental response to Request for Production No. 16 which asks for financial records and profit-and-loss statements for the past three years. Defendant objected that the request was overly broad in scope and time, irrelevant and not reasonably calculated to the discovery of admissible evidence.

Defendant opposes the motion arguing its discovery responses were appropriate, and that counsel for Plaintiff failed to engage in a good-faith effort to meet and confer before filing the motion. On the merits, Defendant argues it should not be compelled to produce claims file material regarding communications with its in house counsel, Mr. Bangay, because they are privileged. Fed. R. Evid. 501 requires the court to apply Nevada law. NRS 49.095 sets forth the elements of the attorney-client privilege. The communications in dispute in this case which have been withheld are between in-house counsel and employees and/or outside counsel, and are therefore privileged. Nevada law has not recognized an exception to the attorney-client privilege in the context of an in-house lawyer.

With respect to the practice guides, Defendant argues that Plaintiff has not cited any relevant authority supporting the request to compel and her motion should be denied on this ground. Finally, with respect to the financial records, Defendant argues that Plaintiff cites no authority supporting her request for these materials and that the motion should be denied on the grounds of relevance. Financial information regarding an insurance carrier is only relevant if there is a finding that punitive damages are appropriate at trial. Defendant asks that if the court grants Plaintiff's motion to compel the production of certain financial records, that it follow the approach taken in a recent decision by Judge Ferenbach in *Renfro v. Redwood Fire and Cas. Insurance Co.*, ___ FRD ___ 2013 WL 438810 (D. Nev. 2013). There, the Defendant was compelled to produce financial records under seal at the time the joint pretrial order was filed.

During oral argument, counsel for both sides modified their positions in several respects. Oral argument was made by different lawyers than the lawyers who drafted the moving and responsive papers. Counsel for Plaintiff conceded that Mr. Bangay's confidential communications without outside counsel for the purpose of rendering legal services were privileged, unless waived by disclosure to third parties. He clarified that he was only seeking Mr. Bangay's communications with claims personnel involved in handling Plaintiff's claim. Counsel for Plaintiff did not identify any specific documents in Defendant's privileged document log he claimed was improperly withheld. Counsel for Defendant conceded that if Mr. Bangay's communications had been disclosed to Dr. Duke, the privilege was waived. Counsel for Defendant also conceded that the training materials and best practices in claims handling materials described by Mr. Sullivan during his deposition were relevant to Plaintiff's unfair

claims practices and bad faith claims.  However, he argued that Request for Production Nos. 9, 10 and 11, were overbroad and that it was initially unclear what Plaintiff was seeking.  He agreed to produce the claims handling materials described by Mr. Sullivan pertaining to UIM claims that were in effect at the time this claim was submitted through the present, subject to an appropriate protective order governing confidentiality of these materials.

Finally, counsel for Defendant conceded that if Plaintiff is able to state a punitive damages claim, that the financial documents requested are relevant and discoverable.  The court discussed the practical implications of the timing of these financial disclosures.  Counsel for both sides agreed that the financial records requested should be produced only if Plaintiff's punitive damage claim survives dispositive motions.  The court indicated it would therefore direct that the Defendant serve the Plaintiff with documents responsive to Request for Production No. 16 for the years 2009, 2010, and 2011, within fourteen days of decision of dispositive motion in the event Plaintiff's punitive damage claim survives.

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**.
2. The motion is **GRANTED** to the extent that:
    a. Defendant shall serve Plaintiff with any claims file materials withheld on the privileged document log involving Mr. Bangay that had been disclosed to Dr. Duke or any other third party.
    b. Defendant shall supplement it responses to Request for Production of Documents to produce the training materials for best practices in claims handling, estimate guidelines, and check lists on Defendant's online website passport that were in effect at the time the Plaintiff made this claim, through the present.
    c. In the event Plaintiff's punitive damage claims survives a motion for summary judgment, Defendant shall have fourteen days from decision of the motion for summary judgment in which to serve financial statements and profit-and-loss statements described in Request for Production No. 16 for fiscal years 2009, 2010, and 2011.

///

3. A protective order is entered precluding the Plaintiff from using the claims handling practices guides and materials, compelled by this order to be produced for any purpose unrelated to this litigation.

4. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 17th day of April, 2013.

                                                                 _____
                                                                 Peggy A. Leen
                                                                 United States Magistrate Judge