UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUCIA SLOAN,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTRY PREFERRED INSURANCE COMPANY; DOES 1 through 10; and ROE BUSINESS ENTITIES 11 through 20, inclusive,<br><br>                Defendants. | Case No. 2:12-cv-1085-APG-PAL<br><br>**ORDER ADJUDICATING ATTORNEYS' LIEN** |

Before the Court is Plaintiff Lucia Sloan's Motion to Adjudicate Attorney Lien. (Dkt. #20.)

**I.      BACKGROUND**

On April 5, 2011, Sloan was involved in a motor vehicle accident. On April 11, 2011, Sloan retained the services of The Richard Harris Law Firm (the "Harris Firm") to represent her in her claims for bodily injuries as a consequence of that accident. Ms. Sloan signed an Attorney Retainer Agreement which contains the following:

> The Firm's discharge by Client prior to settlement of the Claim shall be upon written notice to the Firm. Upon discharge of the Firm, Client shall immediately pay the Firm all costs advanced, and fees pursuant to the equitable doctrine of Quantum Meruit which shall not be less than One Thousand Dollars ($1,000.00) per hour for all attorney and staff time, or Thirty Three and One-Third Percent (33 1/3%) (Forty Percent (40%) after filing suit as defined above) of the latest offer of settlement, whichever is more.

On approximately July 5, 2011, Sloan's claim against the tortfeasor was resolved. The Harris Firm was paid $3,750.00 as its contingency share of Sloan's recovery. The Harris Firm continued to represent Sloan to pursue a claim against her insurance carrier, defendant Country Preferred Insurance Company ("Country Insurance").

On November 4, 2011, Ms. Sloan advised the Harris Firm that she was terminating its services and that she had retained the law offices of Churchill, Harris & McKeller (now known as "Injury Lawyers of Nevada") to represent her. Thereafter on November 22, 2011, the Harris Firm served its Notice of Attorneys' Lien upon Sloan and Country Insurance. On March 6, 2013, Sloan filed her Motion to Adjudicate the Attorney Lien pursuant to NRS 18.015(4). (Dkt. #20.) The Harris Firm attached to its Opposition (Dkt. #23) a Notice of Claim of Attorney's Lien documenting its fees and costs. Additionally, Joshua R. Harris provided an affidavit stating that his rate is $750.00 per hour. The court was unable to determine the reasonableness and merit of the fees requested based on the records submitted by the Harris Firm. Thus, the court ordered the Harris Firm to provide additional evidence in support of its lien. (Dkt. #28.) On April 15, 2013, the Harris Firm filed its supplemental evidence. (Dkt. #30.)

## II.   ANALYSIS

Nev.Rev.Stat. § 18.015 states:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects the lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action.
>
> 3. The lien attaches to any verdict, judgment or decree entered and to any money or

property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.

4. On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.

5. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

"A terminated attorney is entitled to a quantum meruit settlement of fees at the conclusion of the client's case." *State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal Opinion No. 18*, issued April 29, 1994. When there is a dispute about an attorney's fee "the burden will be placed upon the attorney to establish the reasonableness of the fee." *Id.* Accordingly, "attorneys are advised to keep complete and accurate time records in contingency fee cases." *Id.*

The Harris Firm asserts that it is entitled to be paid $750.00 per hour, regardless whether the tasks were performed by attorneys or paralegals. The Harris Firm implies that this fee is reasonable because Sloan's retainer agreement provided for a $1,000 per hour fee for all such work. It is unconscionable to charge such a high rate for both attorney and staff time, and the retainer agreement serves only to discourage (and potentially punish) clients from discharging the Harris Firm. As such, it is unreasonable and void as against public policy. *Id.*

Similarly, it is unreasonable to charge $750.00 per hour for the services of Joshua Harris and the firm's paralegals. Mr. Harris has been licensed less than eight years, yet this rate is among the highest charged in this region by lawyers working on sophisticated commercial matters. Moreover, there is no justification for charging the same high rate for work performed by paralegals. The court determines that it would be reasonable to charge a fee of $290.00 per hour for Joshua Harris' work, and $150.00 per hour for paralegal time. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (calculation of fees to be based on reasonable hourly

rate and number of hours reasonably expended); Local Rule 54-16 (factors to consider when attorney entitled to attorney fee).

The Harris Firm was paid $3,750.00 for its work performed through June 28, 2011, recovering money for Sloan from the tortfeasor's insurer Progressive Insurance. The Harris Firm is not entitled to additional compensation for work performed prior to June 28, 2011, except for communications with Country Insurance (if supported by evidence as required by the court's April 4, 2013 Order). For this period, the Harris Firm failed to provide copies of correspondence allegedly occurring on 5/25/11, 5/26/11, and 6/28/11. No compensation will be allowed for those entries. Thus, the Harris Firm is entitled to compensation for three telephone calls between its paralegal and Country Insurance on June 27, 2011, totaling $120.00.

For the period June 28, 2011 through November 4, 2011, the Harris Firm is entitled to reasonable fees for work attempting to obtain funds from Country Insurance on behalf of Sloan (if properly supported as required by the court's April 4, 2013 Order).[1] The Harris Firm is not entitled to compensation after June 28, 2011 that relates to Progressive Insurance, as such tasks would be considered follow-up work not subject to additional compensation in a normal case. After deducting the unsupported time entries and those related to Progressive Insurance, the Harris Firm is entitled to compensation for 1.4 hours of attorney time and 7.6 hours of paralegal time during the period June 28, 2011 through November 4, 2011. This totals $1,546.00 for this period.

Sloan terminated the Harris Firm on November 4, 2011. The court's April 4, 2013 Order required the Harris Firm to submit an "affidavit with a detailed explanation of why the Harris Firm should be compensated for work after it was terminated on November 4, 2011." The April

---

[1] For this period, the Harris Firm failed to provide copies of correspondence allegedly occurring on 7/11/11, 7/14/11, 7/15/11, 7/18/11, 7/21/11, and 7/26/11. No compensation will be allowed for those entries.

15, 2013 Affidavit of Joshua Harris responding to this requirement is woefully inadequate, containing only three brief, conclusory sentences referring to the total hours worked and "a large influx of documents and phone calls received" after termination. (Dkt. #30, p. 63.) Because the Harris Firm has failed to support its request with a detailed explanation as required by the court, it is not entitled to any compensation after November 4, 2011.

### III.   CONCLUSION

For the foregoing reasons, the Richard Harris Law Firm is awarded $1,666.00 for its attorneys' lien in this matter.

Dated this 9th day of July, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE