# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

LUCIA SLOAN,

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY,

    Defendant.

Case No. 2:12-cv-01085-APG-PAL

**ORDER DENYING MOTION FOR ATTORNEYS' FEES, COSTS, PREJUDGMENT INTEREST, AND RESOLVING PARTIES' COMPETING BILLS OF COSTS**

(Dkt. #47, #48, #49 #52, #54)

    Plaintiff Lucia Sloan moves for attorneys' fees, costs, and prejudgment interest. Sloan contends that she made an offer of judgment pursuant to Nevada Revised Statutes § 17.115, that defendant Country Preferred Insurance Company did not accept that offer, and that Country later paid more than the offer of judgment when it tendered the insurance policy limits. She therefore argues she is entitled to attorneys' fees, costs, and prejudgment interest from the date of the offer of judgment. Sloan also argues she is entitled to costs pursuant to Nevada Revised Statutes § 18.020 because she is the prevailing party.

    Country responds that Sloan is not entitled to fees, costs, or prejudgment interest under § 17.115 because she did not obtain a judgment in her favor. Instead, Country contends it voluntarily tendered policy limits and then prevailed at summary judgment. Country also argues Sloan is not entitled to costs under § 18.020 because she has cited no legal authority for the proposition that Nevada law governs costs in this action. Country further contends Sloan is not a prevailing party because she lost on summary judgment on all of her claims. According to Country, its voluntary payment of the policy limits does not make Sloan a prevailing party in this litigation. Additionally, each party filed a bill of costs to which the other objects.

    The parties are familiar with the facts of this case, which I set forth in a prior order. (Dkt. #45.) I will not repeat them here except where necessary.

**I. Nev. Rev. Stat. § 17.115**

Nev. Rev. Stat. § 17.115 may apply to a state law claim litigated in federal court. *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1283 (9th Cir. 1999). Pursuant to § 17.115(1), "any party may serve upon one or more parties a written offer to allow judgment to be taken in accordance with the terms and conditions of the offer of judgment." If the party who rejects the offer of judgment "fails to obtain a more favorable judgment," the court must order that party to pay costs and may order reasonable expert witness costs, prejudgment interest from the date of the offer to the date of the judgment, and reasonable attorney's fees from the date of the offer to the date of the judgment. Nev. Rev. Stat. § 17.115(4).

Sloan made an offer of judgment for $249,999.99 on June 27, 2012. (Dkt. #49-3.) It is undisputed Country did not accept this offer. On April 2, 2013, Country tendered the policy limits of $250,000 to Sloan. (Dkt. #49-4.) Country was not compelled to do so by any order or judgment of this court. At summary judgment, I granted Country's motion and denied Sloan's. (Dkt. #45.) The clerk of court entered judgment in Country's favor. (*Id.* at 13; Dkt. #46.)

Sloan contends, without citation to any legal authority beyond the statute itself, that Country's voluntary payment of the $250,000 policy limits qualifies as a "judgment" that was less favorable to Country than her $249,999.99 offer of judgment. Country responds, also without citation to any legal authority beyond the statute itself, that the statute's reference to a "judgment" does not encompass an insurer's voluntary payment of policy benefits. Sloan does not respond to this argument in her reply and simply assumes, without discussion, that the voluntary $250,000 payment triggered § 17.115.

Nevada has not addressed whether an insurer's voluntary payment of policy benefits after the insured makes an offer of judgment constitutes a "judgment" for purposes of § 17.115. Sloan's opening brief cited no law for the proposition that the voluntary payment qualifies as a "judgment" within the meaning of § 17.115. Country argued in its opposition that the statute's plain language required a "judgment" and that a

voluntary payment does not constitute a judgment. Country also noted that the actual judgment in this case was entered in favor of Country, not Sloan. Sloan's reply brief cited no law and made no responsive argument on this issue. I agree with Country's arguments. I therefore deny her request for attorneys' fees, costs, and prejudgment interest under § 17.115.

**II.  Nev. Rev. Stat. § 18.020**

Section 18.020(2) requires the court to award costs "to the prevailing party against any adverse party against whom judgment is rendered" in any action for the recovery of money damages in excess of $2,500. Here, Sloan sought damages in excess of $2,500. The parties dispute whether § 18.020 applies in federal court and whether Sloan is the "prevailing party."

Sloan cited no law supporting the application of § 18.020 in federal court. She also cited no law for the proposition that she is the prevailing party where the judgment was entered against her and the $250,000 payment was not the result of any judicially-sanctioned order or judgment. Sloan assumed, without citing any supportive legal authority in either her motion or reply brief, that she is the prevailing party within § 18.020's meaning and that § 18.020 applies. I disagree with Sloan. As set forth below, she was not the prevailing party. I therefore deny Sloan's request for costs under § 18.020.

**III.  Bill of Costs Pursuant to Federal Rule of Civil Procedure 54**

Each party filed a bill of costs (Dkt. #47, #48) and an objection to the other's bill of costs (Dkt. #52, #54). Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Despite this presumption, I have discretion to refuse to award costs. *Id.* If I refuse costs, I must specify the reasons for doing so. *Id.*

**A. Prevailing Party**

I deny costs to Sloan because she is not a prevailing party in this action within Rule 54(d)'s meaning. The judgment was entered in favor of Country on all claims. Country's

voluntary payment to Sloan "lacks the necessary judicial *imprimatur* on the change" in the parties' legal relationship to support a finding that Sloan is a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Country, on the other hand, obtained judgment in its favor on all claims and therefore is the prevailing party in this action.

**B. Objections**

Although Country is the prevailing party presumptively entitled to costs, Sloan objects to several items on Country's bill of costs.[1] Sloan argues runner fees and videotaped depositions are not taxable. Sloan also argues witness fees must be limited to $40 per day (including a witness fee listed in the deposition section). Finally, Sloan objects to costs included within the copy costs which are not strictly for copying.

Taxable costs are recoverable under 28 U.S.C. § 1920. These include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*1. Runner's Fees*

Country's bill of costs seeks to tax $241.50 in "other" costs. Runner fees are not taxable under any category in § 1920. This cost is denied and will be deducted from the total taxed costs.

*2. Videotaped Depositions*

Pursuant to Local Rule 54-4, the "cost of a deposition transcript (either the original or a copy, but not both) is taxable whether taken solely for discovery or for use at trial." Sloan objects

---

[1] Sloan also argues Country should apportion its costs between the bad faith claims and the breach of contract claim because Sloan prevailed on the breach of contract claim. However, as already discussed, Sloan did not prevail on the breach of contract claim. Judgment was entered in Country's favor on that claim.

to the fee for video deposition charges under Local Rule 54-4.  Although transcripts are taxable, videography services for the deposition of Sloan in the amount of $884.00 (Dkt. #47-3 at 6) are not taxable and will be deducted from the total taxed costs.

Additionally, Country charged as a transcript cost the $585 Dr. Veenstra charged for his attendance at his deposition. (Dkt. #47-3 at 4.)  This is not a transcript fee.  It is a witness fee.  All but $40 of this fee will be deducted from the taxable costs. *See* 28 U.S.C. § 1821(b); LR 54-4.

*3. Witness Fees*

"Fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial." LR 54-4.  That rate is statutorily set at $40 per day. 28 U.S.C. § 1821(b); LR 54-5(a).  "Fees for expert witnesses are not taxable in a greater amount than statutorily allowable for ordinary witnesses unless authorized by contract or specific statute." LR 54-5(c).

Country's bill of costs seeks more than $40 for the attendance of witnesses Dr. Bae and Dr. Gross at their respective depositions.  Country does not identify any contractual or statutory provision that authorizes Country to tax more than the $40 witness fee.  Accordingly, all but $80 of the costs taxed in this category will be deducted from the taxable costs.

*4. Copy Costs*

"The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." LR 54-6(a).  Country's bill of costs includes costs beyond copy costs including tabs and binders, hole punches, binding, and postage.  A total amount of $288.60 will be deducted from the taxable costs. (Dkt. #47-4 at 2, 6-7, 12, 14, 16, 23, 28-30, 35, 39, 43, 53, 60.)

Additionally, Country seeks to tax costs for "retrieval fees," "tech time," and "Bates."  Although itemized, there is nothing on the internal billing report attached to the bill of costs to explain the specific nature of these expenses or whether they are properly taxable.  I therefore lack sufficient information to determine that these costs are anything other than standard office overhead.  The following requests are denied:

- $340.00 in "retrieval fees" (*id.* at 16, 45-51, 55-59, 61-62);
- $75.00 in "tech time" (*id.* at 23, 40); and

Page 5 of 6

1  - $143.42 in "bates" (*id.* at 3, 5, 10-11, 22, 32, 38, 42).

2  **IV.  Conclusion**

3  IT IS THEREFORE ORDERED that plaintiff Lucia Sloan's Motion for Attorneys' Fees, Costs, and Prejudgment Interest (Dkt. #49) is DENIED.

5  IT IS FURTHER ORDERED that plaintiff Lucia Sloan's Bill of Costs (Dkt. #48) is DENIED.

7  IT IS FURTHER ORDERED that defendant Country Preferred Insurance Company's Bill of Costs (Dkt. #47) is GRANTED in part and DENIED in part.  The Bill of Costs is granted except for the deductions as set forth in this order.

10  DATED this 5th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE